UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEROME CLARKE,
        Plaintiff,

-v.-

CITY OF ATLANTA, GEORGIA; DR. ENRICA;
LARRY SZIES; GEORGIA DEPT OF
CORRECTIONAL HEALTH SERVICES; and
COMMISSIONER OF CORRECTIONS,
        Defendants.

9:06-CV-0532
(TJM)(GJD)

---

APPEARANCES:

JEROME CLARKE
Plaintiff, *pro se*

GUSTAVE J. DI BIANCO, Magistrate Judge

### ORDER   CV606-056

    Presently before the Court is a *pro se* civil rights complaint filed by Jerome Clarke ("Plaintiff"). Dkt. No. 1. Plaintiff, who is incarcerated at Georgia State Prison in Reidsville, Georgia, also filed an inmate authorization form and a motion to appoint counsel.[1] Dkt. Nos. 2, 3. For the reasons stated below, the Court orders the Clerk to transfer this action to the United States District Court for the Southern District of Georgia.

    In his complaint, Plaintiff alleges that on February 7, 2006, Defendants acted with deliberate indifference to Plaintiff's serious medical needs during a sick

---

[1] The Court notes that Plaintiff did not pay the applicable filing fee of $350.00 or file an application to proceed *in forma pauperis*.

call interview at Georgia State Prison, which is located in Tattnall County, in the Southern District of Georgia. For a more complete statement of Plaintiff's claims, reference is made to the complaint.

A district court may *sua sponte* decide to transfer an action in the interest of justice and for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought"); *Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990); *Lead Indus. Ass'n v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (citing cases); *Kelly v. Kelly*, 911 F. Supp. 70, 71 (N.D.N.Y. 1996). "The purpose of section 1404(a) 'is to prevent the 'waste of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Flaherty v. All Hampton Limousine, Inc.*, 01 Civ. 9939, 2002 U.S. Dist. LEXIS 15171, *3 (S.D.N.Y. Aug. 16, 2002) (citations omitted).

When considering whether to transfer *sua sponte*, courts follow the same traditional analysis used when a party moves for a change of venue. *See, e.g., Flaherty*, 2002 U.S. Dist. LEXIS 15171 at *3; *Haskel v. FPR Registry, Inc.*, 862 F. Supp. 909, 916 (E.D.N.Y. 1994). Specifically, "[m]otions to transfer venue are governed by a two-part test: (1) whether the action to be transferred 'might have

been brought' in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Flaherty*, 2002 U.S. Dist. LEXIS 15171 at *3-4 (citations omitted).

Here, assuming federal jurisdiction exists in this case and that the claims are not frivolous or barred by the statute of limitations, the action could have been brought in the United States District Court for the Southern District of Georgia, since the alleged constitutional violations occurred at Georgia State Prison, in that District. The relevant federal venue statute provides, in pertinent part:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391.[2]

Moreover, venue is not proper in this District. There is **no** nexus to this District. Plaintiff does not allege that **any** events or omissions occurred in this District; rather the acts complained of occurred, if at all, in the Southern District of Georgia. In addition, all of the Defendants are located in either the Northern and

---

[2] All of the parties appear to be residents of Georgia, therefore diversity does not exist.

Southern Districts of Georgia. In light of the foregoing, the balance of convenience and justice favors transfer to Southern District of Georgia.

The Court will leave determination of Plaintiff's motion to appoint counsel to the Southern District of Georgia.

**WHEREFORE**, it is hereby

**ORDERED** that, pursuant to 28 U.S.C. § 1404(a), the Clerk of this Court transfer this action to the United States District Court for the Southern District of Georgia; and it is further

**ORDERED** that the Clerk of this Court mail to the Clerk of the Southern District of Georgia certified copies of this Order, the docket entries in this case, and the originals of all papers on file in this case except for this Order. The Court hereby waives the ten (10) day waiting period provided for in Local Rule 83.6; and it is further

**ORDERED** that the Clerk of this Court serve a copy of this Order on Plaintiff by mail.

Dated: May 8, 2006

_____

Hon. Gustave J. DiBianco
U.S. Magistrate Judge

U.S.D.C. FOR THE NORTHERN DISTRICT OF NEW YORK
I, the undersigned Clerk of the Court, do hereby certify that this is a true, correct and full copy of the original document on file in my custody. 4
# of pages (text)_____ # of pages including (exhibits)_____
Dated 6-8-06        Lawrence K. Baerman, Clerk
by_____, Deputy Clerk